IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TABITHA F.,[1]

        Plaintiff,

   vs.

ANDREW SAUL, Commissioner of
Social Security,

        Defendant.

Case No. 6:19-cv-00618-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Tabitha F. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons below, the Commissioner's decision is reversed and remanded for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for the non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

In August 2015, plaintiff applied for DIB and SSI, alleging disability beginning October 1, 2011 and January 1, 2011, respectively, due to several physical and mental health conditions. Tr. 231, 240. Plaintiff's claims were denied initially and upon reconsideration. Tr. 139, 144, 150, 153. After a hearing, the administrative law judge ("ALJ") determined that plaintiff had not been under a disability at any time from October 1, 2011, through March 30, 2018, the date of the decision.[2] Tr. 21. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This action followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the decision of the Commissioner if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks omitted). To determine whether substantial evidence exists, the district court must review the administrative record as a whole, weighing both the evidence that supports and detracts from the decision of the ALJ. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the

---

[2] The ALJ failed to note that plaintiff had separate alleged onset dates for her DIB and SSI applications, but plaintiff concedes that "this error appears harmless." Pl.'s Br. (doc. 13) at 1 n. 1.

Commissioner must be affirmed because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724–25; *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The burden of proof falls to the claimant at steps one through four, and with the Commissioner at step five. *Id.* at 953–54. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the

claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54.

Here, the ALJ found that plaintiff was not disabled. Tr. 21. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2011. Tr. 12. At step 2, the ALJ found that plaintiff suffered from the following severe impairments: migraine, lumbago, asthma, fibromyalgia, major depressive disorder, and anxiety. Tr. 13. At step three, the ALJ determined that plaintiff's impairments, whether considered singly or in combination, did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, which the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's RFC and found that plaintiff retained the RFC to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with additional physical, environmental, and mental limitations. Tr. 15. Specifically, with respect to mental limitations, the ALJ found that plaintiff "would be limited to understanding and carrying out simple instructions in a work environmental with few workplace changes." *Id.*

At step four, the ALJ concluded that plaintiff could not perform any past relevant work. Tr. 20. At step five, the ALJ found that plaintiff could perform work that exists in significant numbers in the national and regional economy; specifically, plaintiff could work as a "small products assembler," Dictionary of Occupational

Titles ("DOT") 739.687-030, 1991 WL 680180; "hand packager and inspector," DOT 559.687-074, 1991 WL 683797; and "production assembler," DOT 706.687-010, 1991 WL 679074. Tr. 21. Accordingly, the ALJ found that plaintiff was not disabled and denied her applications. *Id*.

## DISCUSSION

Plaintiff challenges the ALJ's treatment of the medical opinion from Bryan Kessler, Psy.D., a state agency psychological consultant. Dr. Kessler reviewed plaintiff's records on reconsideration. Dr. Kessler determined that plaintiff was capable of performing simple, routine tasks. Tr. 103. Dr. Kessler also opined that plaintiff's ability to understand and remember detailed instructions was "moderately limited," which meant that she "can understand/remember short 1-2 step instructions but is incapable of understanding/remember[ing] more complex instructions." Tr. 107. Dr. Kessler also opined that plaintiff was "moderately limited" in her ability to carry out detailed instructions and maintain attention and concentration for extended periods, which meant that she "can maintain/carry out simple 1-2 step tasks but is incapable of maintaining/carrying out more complex tasks." Tr. 108.

In assessing plaintiff's mental RFC, the ALJ "afforded the greatest weight to [Dr. Kessler's] reconsideration opinion[.]" Tr. 19. But, as noted above, the ALJ found that plaintiff's mental RFC included only a limitation to "understanding and carrying out simple instructions in a work environmental with few workplace changes." Tr. 15. The ALJ did not include Dr. Kessler's limitations to "1-2 step instructions" and "1-2 step tasks."

Plaintiff argues that the ALJ erred by failing to include the 1-2 step instructions limitation in plaintiff's RFC despite affording Dr. Kessler's opinion the greatest weight. Plaintiff also argues that the error was not harmless because the three jobs that the ALJ found plaintiff could perform all require GED Reasoning Level Two.

The Commissioner argues that the ALJ adequately addressed plaintiff's mental RFC and made a finding based on various treating and examining sources, including Jaime Larson, Psy.D., who examined plaintiff and found no limitations. Tr. 14, 18. In the Commissioner's view, Dr. Kessler made an "isolated comment" about 1-2 step tasks that does not constitute substantial evidence on its own. According to the Commissioner, the ALJ translated and incorporated Dr. Kessler's concurrent clinical findings that plaintiff could perform "simple work," "one-and two-step tasks," and "one- and two-step instructions" into a succinct RFC, resolving ambiguities.

The Commissioner also argues that Dr Kessler's opinion treated simple tasks, 1-2 step tasks, and 1-2 step instructions as synonymous, and that any error is harmless because there is no meaningful legal distinction between those limitations, or 1-2 step tasks and instruction limitations and Level Two reasoning.

The Court agrees that the ALJ erred, either by effectively rejecting the 1-2 step task and instruction limitation, as plaintiff asserts; or resolving an ambiguity in Dr. Kessler's opinion without explanation; or failing to recognize and address an internal inconsistency in the opinion, and that that error was not harmless.

As an initial matter, the ALJ credited Dr. Kessler's opinion over Dr. Larson's, affording Dr. Larson's opinion only "some weight" and assessing an RFC that "imposed *more* limitations than Dr. Larson's opinion." Tr. 20 (emphasis added).

Second, to the extent that Dr. Kessler believed that 1-2 step task and instruction limitations were consistent with a mental RFC limited to "simple routine tasks," his opinions were internally inconsistent. Despite the Commissioner's argument to the contrary, there is a meaningful legal distinction between the two limitations. Level One reasoning involves "[a]pply[ing] commonsense understanding to carry out simple one- or two-step instructions" while Level Two reasoning involves "[a]pplying commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT (4th ed. 1991) App. C, § 111, 1991 WL 688702. The Ninth Circuit has noted that "simple routine" and "simple repetitive" instructions or tasks appear equivalent to Level 2 reasoning, but that there is an "apparent conflict between" RFCs that "limit[ plaintiffs] to performing one- and two-step tasks, and the demands of Level Two reasoning[.]" *Rounds v. Commissioner Social Security Administration*, 807 F.3d 996, 1004 & n. 6 (9th Cir. 2015).

The ALJ's decision did not even mention Dr. Kessler's 1-2 step task and instruction opinions. Therefore, the Court cannot assume that the ALJ recognized and resolved the ambiguity in Dr. Kessler's opinions by adopting the simple task limitation over the more limited 1-2 step task and instruction limitations. That error was not harmless. If the ALJ had adopted Dr. Kessler's 1-2 step task and instruction

limitations, the ALJ might have found that plaintiff could not perform work that requires Level Two reasoning.

At the same time, the Court cannot find that the ALJ was required to adopt Dr. Kessler's 1-2 step limitation, as plaintiff argues. Resolving ambiguity is inherently the ALJ's role, not the Court's. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995))). And, even if the ALJ had adopted the 1-2 step limitation, the ALJ could have properly determined that plaintiff could perform the three jobs listed above if the ALJ had recognized the apparent conflict between that limitation and the demands of Level Two reasoning and elicited testimony from the vocational expert ("VE") demonstrating that the conflict could be resolved. *See Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). Accordingly, this case must be remanded for further proceedings. On remand, the ALJ is directed to reevaluate Dr. Kessler's opinion evidence and, if need be, obtain additional VE testimony.

## CONCLUSION

The Commissioner's decision is REVERSED and the case is REMANDED for further proceedings consistent with the Court's opinion.

IT IS SO ORDERED.

Dated this  3rd  day of February 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge